UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ADIEL PEREZ, on his own behalf and
others similarly situated,

    Plaintiff,

v.                                                         CASE NO.

THE VALENTINES LLC, a Florida Corporation,
and MICHAEL VALENTINE, individually,

    Defendants.
_____/

## COMPLAINT

1.    Plaintiff, ADIEL PEREZ (hereinafter referred to as "Plaintiff"), was an employee of Defendants, THE VALENTINES LLC, a Florida Corporation, and MICHAEL VALENTINE, individually (collectively referred to as "Defendants"), and brings this action on behalf of himself and other current employees and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2.    During the three (3) year statute of limitations period between approximately March 2007 and February 2010, Plaintiff performed non-exempt installation and related duties for Defendants in Lee County, Florida.

3.    Defendants, THE VALENTINES LLC and MICHAEL VALENTINE, have all times material hereto owned and/or operated a business based in Lee County, Florida, within the jurisdiction of this Court.

4. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C.§216(b).

6. At all times material to this Complaint, THE VALENTINES LLC has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of THE VALENTINES LLC was in excess of $500,000.00 per annum at all times material hereto.

8. At all times pertinent to this Complaint, THE VALENTINES, LLC was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. At all times material hereto, MICHAEL VALENTINE has owned, managed, and/or operated THE VALENTINES LLC and/or regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, or control the finances and operations of THE VALENTINES LLC. By virtue of such control and authority, MICHAEL VALENTINE is an employer of Plaintiff and the other similarly situated employees as such term is defined by the FLSA, 29 U.S.C. §203(d).

10. The additional persons who may become Plaintiffs in this action are Defendants' installers who have worked in excess of Forty (40) hours during one or more work weeks on or after April 2007 and did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

11.     Plaintiff regularly worked in excess of Forty (40) hours per week in one or more weeks during his employment with Defendants between approximately March 2007 and February 2010.

12.     Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants between April 2007 and the present.

13.     However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him in one or more work weeks within the three (3) year statute of limitations period.

14.     Based upon information and belief, Defendants failed to maintain records of the actual start time, stop time, total hours worked each day, and total number of hours worked each week by Plaintiff and the other similarly situated employees for every work week within the three (3) year statute of limitations period.

15.     The complete records concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 15 above.

17.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week during his employment with Defendants between approximately April 2007 and February 2010.

18. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid between April 2007 and the present.

19. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

20. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

21. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

22. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

23. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ADIEL PEREZ, and those similarly situated to him who have or will opt into this action, demands judgment, jointly and severally, against Defendants, THE VALENTINES LLC and MICHAEL VALENTINE, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: March 26, 2010  
      Boca Raton, Florida

Respectfully submitted,

_____  
Keith M. Stern  
Florida Bar No. 321000  
E-mail: kstern@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831  
Attorneys for Plaintiff